**UNITED STATES of America, Plaintiff,**

v.

**Bonnie Kaye LITTLE, Defendant.**

**Crim. No. 92–072 JB.**

United States District Court,
D. New Mexico.

Sept. 8, 1994.

David N. Williams, Asst. U.S. Atty., Albuquerque, NM, for plaintiff.

Michael E. Vigil, Albuquerque, NM, David Z. Chesnoff, Las Vegas, NV, for defendant.

### MEMORANDUM OPINION AND ORDER

BURCIAGA, Chief Judge.

THIS MATTER is before the Court on remand from the United States Court of Appeals for the Tenth Circuit for further proceedings consistent with its opinion in *United States v. Bonnie Kaye Little*, 18 F.3d 1499 (10th Cir.1994). In its opinion, the appellate court determined that this Court had applied an erroneous standard in granting Ms. Little's motion to suppress, remanded this case for further proceedings, and directed this Court to apply the correct legal standard governing police-citizen encounters.

It is unnecessary to recite the findings of fact which formed the factual premise upon which this Court granted Ms. Little's motion to suppress as they are set forth in sufficient detail in the appellate court opinion. Although this Court could have been more painstaking by making written findings and setting forth in writing the legal authority for its decision, this Court determined, improvidently, it seems, that its oral findings and conclusions were sufficient.

In meeting the mandate of the appellate court, this Court does not wish to appear to be arguing with the appellate decision for that surely is not its intention. It must be clearly stated, however, that this Court did not embrace any *"per se"* rules or give determinative weight to any particular factors as stated in the appellate opinion. Indeed, this Court followed what it understood to be the law as circumscribed by the United States Supreme Court in *Florida v. Bostick*, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), and the United States Court of Appeals for the Tenth Circuit in *United States v. Laboy*, 979 F.2d 795 (10th Cir.1992), *United States v. Ward*, 961 F.2d 1526 (10th Cir. 1992), and *United States v. Evans*, 937 F.2d 1534 (10th Cir.1991). It was, and remains, the understanding of this Court that to justify a *Terry*-type detention, an officer need have only "specific and articulable facts sufficient to give rise to reasonable suspicion that a person has committed or is committing a crime." *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Of the three types of encounters described in *Evans*, this Court found the initial meeting between Agent Small and Ms. Little was of the first type, that is, a police-citizen encounter which is characterized by the voluntary cooperation of a citizen in response to non-coercive questioning. Nothing occurred during this initial encounter that warranted further questioning. The encounter then developed into a *Terry*-type of encounter which is considered a seizure of the person within the meaning of the Fourth Amendment but need not be supported by probable cause. When Ms. Little refused to give Agent Small permission to search her bag, the intensity of the investigation heightened. The encounter quickly escalated to the third type of encounter which is justified only when there is probable cause to believe that a person has committed or is committing a crime.

In making its ruling, this Court considered all of the factors set forth in the record which included, *inter alia,* the confined space within which Ms. Little was questioned; the questioning was conducted outside public view; the accusatory, persistent, and intrusive nature of the questioning by Agent Small; and the failure of Agent Small to advise Ms. Little that she had the right to refuse to answer his questions or to refuse to accompany him to the baggage area. The testimony and the tape reflect that Ms. Little, after some hesitation, declined to give permission to Agent Small to search the bag in her roomette. He then asked her to accompany him to the baggage area to view the second bag. Again, Agent Small did not inform Ms. Little that she was not under any compulsion to do so. The appellate court's assertion, "There is no per se rule requiring

an advisement," 18 F.3d at 1505, is technically correct but of little consequence. *Bostick* instructs that a police officer's decision to advise a citizen of his or her right to refuse consent is certainly relevant to the inquiry. *Bostick*, 501 U.S. at 432, 111 S.Ct. at 2385. From all the factors, the Court determined that at that particular point in time, Ms. Little could reasonably believe that she was not free to ignore Agent Small's requests and go about her business. At that point in time, Ms. Little's liberty was restrained.

From the teachings of *Florida v. Bostick, supra,* when Agent Small restrained Ms. Little's liberty, he effectively "seized" her. That she ostensibly consented to accompany Agent Small is of little moment since her perfunctory cooperation was the product of Agent Small's intimidating show of authority. It was clear to this Court that she was coerced to comply with a request she obviously would have preferred to refuse. *Bostick*, 501 U.S. at 438, 111 S.Ct. at 2388 ("Citizens do not forfeit their constitutional rights when they are coerced to comply with a request that they would prefer to refuse."). Again, the Court drew on all the facts set forth in the record to reach its conclusion. Furthermore, her illegal seizure tainted her responses to Agent Small's questions regarding the suitcase in the baggage area.

The appellate court opinion asserts that the asking of incriminating questions is irrelevant to the totality of the circumstances surrounding the encounter. It is true that under *Terry v. Ohio, supra,* and *Florida v. Bostick, supra,* police questioning does not constitute a seizure. Those decisions, however, in this Court's view, do not stand for the proposition that incriminating questions are irrelevant in weighing the coercive nature of the encounter. Rude and accusatory questioning at some point devolves into a coercive inquisition employed to garner permission to search. " 'Consent' that is the product of official intimidation or harassment is not consent at all." *Bostick*, 501 U.S. at 438, 111 S.Ct. at 2388. Believing it was applying the appropriate standard, this Court *did* weigh and consider the accusatory and purposefully intimidating nature of the questions by Agent Small in determining whether Ms. Lit-

tle reasonably would believe she was free to decline his request to accompany him to the baggage area or to otherwise terminate the encounter and go about her business.

It is unclear whether the appellate court has foreclosed this Court from reasserting its conclusion, on the evidence in the record, that Ms. Little was illegally seized at the point Agent Small directed Ms. Little to accompany him to the baggage area. If that is the case, then this Court has nothing further to do. If, on the other hand, the appellate court has indicated that this Court may again apply the proper standard of the totality of the circumstances test to the encounter, as the Court believed it previously had done, the facts allow no conclusion other than that previously announced—Ms. Little was illegally seized. The Court must also conclude, again, that the responses of Ms. Little to Agent Small's further questioning regarding the second bag were tainted; that her responses, therefore, may not be considered in determining the reasonableness of Agent Small's suspicion to detain the luggage and subject it to a dog sniff.

Wherefore, to ensure that this Court is not under a misapprehension of its duty under the mandate and its responsibility thereunder,

**IT IS ORDERED, ADJUDGED AND DECREED** that Ms. Little's motion to suppress be, and it hereby is, GRANTED.